IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACY MIHNOVICH, et al. | ) |
| | ) |
| v. | ) NO. 3-13-0379 |
| | ) JUDGE CAMPBELL |
| WILLIAMSON COUNTY BOARD | ) |
| OF EDUCATION | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 40). For the reasons stated herein, Defendant's Motion is DENIED as to Plaintiffs' Title VI claims and is moot with regard to Plaintiff's state law claims. By agreement of the Plaintiff, Plaintiffs' state law claims are DISMISSED without prejudice.

FACTS

Plaintiffs filed this action as next friends on behalf of their son, NM, who was a student at Grassland Middle School ("GMS") in Williamson County, Tennessee. NM was born in Ethiopia and adopted by the Mihnovich family in 2010. Plaintiffs contend that NM was the victim of an on-going pattern of peer-on-peer, racially-motivated cyber-bullying, for which Defendant is liable because of its deliberate indifference to the educational rights of NM and its negligent breach of its duty under Tennessee law to protect NM from this on-going pattern of cyber-bullying. Plaintiffs assert claims for damages under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.*; the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101, *et seq.;* and the Tennessee Bullying Prevention Act of 2012. Plaintiffs also bring a state law claim for malicious harassment.

Plaintiffs' Complaint alleges that, in early 2012, a certain student or students at GMS began texting several of NM's friends, impersonating NM and making vile and sexually explicit statements. In addition, about the same time, NM began receiving texts containing racist and profane statements, including a racist death threat. The Complaint avers that NM's mother requested a meeting and did meet with the principal of GMS and urged the administration of the school to take action to protect her son.

Plaintiffs contend that NM continued to be targeted with racial slurs from other students. Plaintiffs assert that, in February of 2013, they learned that a public Facebook page had been opened entitled "Hate Black Shit N.M.! Who Else Does?" and included some 33 student subscribers, almost all of whom were students at GMS. Thereafter, NM's mother met with the principal, the School Board attorney, two assistant principals, the school guidance counselor, and the mother of another student to discuss what the school should do to protect NM. Plaintiffs allege that the school system representatives told her they were not required to take any action because the bullying did not occur during school hours. NM's mother learned of further allegedly racist and bullying communications and reported these incidents of bullying to Detective Amy Cole of the Williamson County Sheriff's Department.

In March of 2013, Plaintiffs requested that their attorney send a letter on their behalf to Defendant's attorney requesting that Defendant enforce its policies governing bullying by students and take action to protect NM from further racist cyber-bullying attacks. Plaintiffs allege that the School Board attorney responded that Defendant was "prohibited" from doing anything about the cyber-bullying of NM.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## TITLE VI

Title VI provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.

§ 2000d. Claims of deliberate indifference to student-on-student harassment or to a hostile environment are actionable under Title VI. *Maislin v. Tennessee State University*, 665 F.Supp.2d 922, 930 (M.D. Tenn. 2009).

In analyzing Title VI deliberate indifference claims, courts have adapted the test initially laid out by the Supreme Court in *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999). To sustain a student-on-student harassment claim against a school, a plaintiff must demonstrate: (1) the harassment was so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to the educational opportunities or benefits provided by the school; (2) the defendant had actual knowledge of the harassment; and (3) the defendant was deliberately indifferent to the harassment. *Maislin*, 665 F.Supp.2d at 931. A plaintiff may demonstrate a defendant's deliberate indifference to discrimination only where the defendant's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances. *Id.*; *see also Vance v. Spencer County Pub. Sch. Dist.,* 231 F.3d 253, 258 (6th Cir. 2000).

A finding of deliberate indifference depends on the adequacy of the school district's response to the harassment. *Zeno v. Pine Plains Central Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012). A school district will be liable for third-party conduct only if it exercises substantial control over both the harasser and the context in which the known harassment occurs. *Id.* at 665.

The Court finds that there are genuine issues of material fact as to whether Defendant was deliberately indifferent to the harassment and bullying of NM. It is undisputed that Defendant had actual knowledge of the harassment, and a reasonable jury could find that the harassment was so severe, pervasive and objectively offensive that it could be said to deprive NM of access to the educational opportunities or benefits provided by the school. Defendant argues that its only duty

4

was with regard to bullying which occurred at school, but there are disputed facts as to what activities, texts, postings, comments and bullying occurred on school grounds and during school hours or school activities. There are disputed facts with regard to the school's relationship with law enforcement, if any, during the relevant time and concerning the alleged bullying. In other words, the nexus of this harassment to the school is disputed.

For example, several students have testified that they received text messages from a person posing as NM while on school property and during school hours. NM himself testified that he received a harassing text message during school hours. Plaintiffs claim that the racist and sexually offensive texts exclusively targeted GMS students and clearly had a nexus to the school. *See, e.g.,* Docket No. 49, ¶¶ 7, 38 and 52.

Whether Defendant's response to the harassment, or lack thereof, was clearly unreasonable in light of the known circumstances involves disputed facts as well. For example, there is a dispute as to whether there were sufficient investigations by school officials into the alleged bullying and disputed facts as to whether the bullying occurred under circumstances giving rise to additional duties for Defendant. Docket No. 49, ¶¶ 38-45, 77; Docket No. 53, ¶ 47, 51-52, 57, 59 and 64. Recognizing that the Court is not to second-guess a school's disciplinary decisions (*Vance*, 231 F.3d at 260), the Court nonetheless finds that a reasonable jury could conclude that Defendant's response to this known and continuing harassment was unreasonable.

The factual disputes regarding what happened, where and when are disputed and cannot be determined on a Motion for Summary Judgment. Accordingly, Defendant's Motion for Summary Judgment on the Title VI claim is DENIED.

## STATE LAW CLAIMS

Plaintiffs have stated that, for purposes of this Motion and all further proceedings in this action, they do not oppose this Court declining to exercise supplemental jurisdiction over their state law claims. Accordingly, Plaintiffs' state law claims are DISMISSED without prejudice.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE